## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARL ANDREW RALSTON,      :
     *Plaintiff,*      :
         :
     v.      :      CIVIL ACTION NO. 21-CV-4753
         :
JAMES CONNELL, *et al.,*      :
     *Defendants.*      :

### MEMORANDUM

**PAPPERT, J.**      **DECEMBER 13, 2021**

Carl Andrew Ralston, a convicted prisoner currently incarcerated at the Northampton County Jail, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 2). Ralston also filed a renewed Motion for Leave to Proceed *in Forma Pauperis* together with an inmate account statement. (ECF Nos. 5 and 6.) For the following reasons, the Court will grant Ralston leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and in part without prejudice for lack of subject matter jurisdiction.

I[1]

Ralston asserts claims against Public Defender James Connell and Chief Public Defender Nuria DiLuzio, both in their official capacities. (ECF No. 2 at 1.) Ralston completed a form Complaint, in which he alleges that the events giving rise to his claims against these Defendants occurred at preliminary hearings on August 24, 2021

---

[1] The allegations set forth in this Memorandum are taken from Ralston's Complaint and the documents attached thereto. The Court adopts the pagination assigned by the CM/ECF docketing system.

and September 13, 2021. (*Id.* at 3-4.) Ralston asserts that "discrimination [and] legal responsibility]" provide the basis for his claims. (*Id.* at 3.)

Attached to Ralston's form Complaint are several handwritten documents. (*See* ECF No. 2-1.) One describes in more detail the basis for his claims against the Defendants. Ralston claims that he called Defendant Connell three times prior to his preliminary hearing. (ECF No. 2-1 at 2.) He claims that he requested forms for the District Attorney, but Connell refused to provide them. (*Id.*) He also alleges that Connell represented that he would have Ralston's bond reduced, but did not do so. (*Id.*) Ralston also claims that he asked Connell to arrange a mental health evaluation (a condition of Ralston's release, (*see id.* at 5)), but Connell refused to do so. (*Id.* at 2.) Ralston asserts that Connell:

> shows no interest in this case, he refuses to do any paperwork whatsoever. Him as my attorney I'm not going to get a fair trial, which is my constitutional right. He neglects to do any work on my behalf, his responsibility as an attorney.

(*Id.*) Ralston appears to have filed a complaint against Connell with the Disciplinary Board of the Supreme Court of Pennsylvania. (*Id.* at 6-7.) He also appears to have filed one against Defendant DiLuzio, claiming that he contacted her, requesting that she remove Connell as Ralston's counsel, but she never responded to him. (*Id.* at 10-11.)

Based on the foregoing, Ralston asserts that he has suffered mental cruelty. (ECF No. 2 at 4.) He seeks recovery of compensatory damages from each of the named Defendants. (*Id.*)

2

II

Because Ralston appears to be unable to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Ralston is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  28

---

[2] Because Ralston is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that

it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against*

*Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016)

(explaining that "an objection to subject matter jurisdiction may be raised at any time

[and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an

action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln*

*Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of

establishing federal jurisdiction rests with the party asserting its existence." (citing

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III

The vehicle by which federal constitutional claims may be brought in federal

court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must

show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because neither of the named Defendants

is a state actor, Ralston has failed to state a plausible § 1983 claim.

"[A] public defender does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk*

*Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).  "Attorneys performing

their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Based on the allegations in the Complaint, Ralston's claims against Connell and DiLuzio arise solely from their performance of a lawyer's traditional functions as counsel. Accordingly, they were not acting under color of state law and Ralston cannot state a plausible § 1983 claim against them. There appears to be no other basis for the exercise of federal jurisdiction.

Moreover, to the extent Ralston's Complaint can be liberally construed to raise malpractice claims under state law, diversity jurisdiction is not available under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F.App'x 308, 309 (3d Cir. 2010). Ralston does not allege his own citizenship. Rather, he

provides only the address where he is incarcerated.  (ECF No. 2 at 1.)  He provides

what appear to be office addresses in Easton for the named Defendants.  (*Id.*)  Thus, on

the face of the Complaint, Ralston has failed to meet his burden to show diversity of

citizenship and cannot establish the Court's jurisdiction over any state law claims he

intends to pursue.

IV

For the foregoing reasons, the Court will grant Ralston leave to proceed *in forma

pauperis* and dismiss his Complaint in part with prejudice for failure to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and in part without prejudice for lack of

subject matter jurisdiction.  Ralston will not be granted leave to file an amended

complaint because to do so would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d

103, 112-113 (3d Cir. 2002).  Rather, Ralston may pursue any state law claims in a

Pennsylvania state court with appropriate jurisdiction.  An appropriate Order follows.

**BY THE COURT:**


 */s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**